# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20-CV-1860 SPM |
| | ) | |
| UNITED STATES OF AMERICA, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of plaintiff Thomas Jackson's self-represented complaint. For the reasons discussed below, the Court will order plaintiff to file a signed, amended complaint on a Court-provided form. Plaintiff will also be directed to either file a motion to proceed in forma pauperis or pay the full $400 filing fee. Plaintiff will have twenty-one (21) days to comply with this Memorandum and Order.

### Complaint

Plaintiff filed this action pursuant to 42 U.S.C. § 1983 on December 18, 2020.[1] Plaintiff's complaint is handwritten and not on a court form. Plaintiff brings this action against four defendants: the United States of America; the Honorable Ronnie L. White; Assistant Public Defender Felicia Jones; and Assistant Public Defender Cathy DiTraglia. Plaintiff does not articulate the capacity under which he is suing defendants.

Plaintiff claims that in January of 2019, he was notified by the United States Probation Office that he could be eligible for a sentence reduction under the First Step Act. He states that he

---

[1] Plaintiff claims he is bringing this action pursuant to 42 U.S.C. § 1983. However, because he is bringing this action against federal employees, the action is one brought pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

called the United States Public Defender's Office and spoke to Felicia Jones who told him she was unable to speak to him about the matter because she was not his attorney. Plaintiff states he called back to the Office of the Public Defender and asked to speak to his designated attorney, and he was connected to Cathy DeTraglia. Plaintiff claims that Ms. DeTraglia told him that she was his attorney but that she was in trial and was filing an extension of time to file his motion for reduction under the First Step Act. He claims he asked her to please send him a copy of the motion for reduction. Plaintiff claims when he got the motion for reduction it was signed by Felicia Jones. Plaintiff states that he called and complained about Felicia Jones signing the motion for reduction to Cathy DeTraglia, and Cathy DeTraglia told him it was inconsequential who signed the motion. However, plaintiff told her he had a judgment against Felicia Jones for ineffective assistance of counsel for failure to file his direct appeal. Plaintiff claims at this point, Cathy DeTraglia told him that the Public Defender's Office would have to withdraw from representing him due to a conflict of interest.

Plaintiff states that the Office of the Public Defender did file the motion to withdraw but had still filed the motion for reduction based on the First Step Act. Plaintiff states that the same day Judge White granted the motion to withdraw he denied his motion for reduction of sentence. Plaintiff asserts it is a violation of his due process rights to have Judge White hear a motion from the Office of the Public Defender when they had a conflict of interest. Moreover, he asserts that the Office of the Public Defender should never have filed the motion for reduction of sentence in the first place given the obvious conflict of interest.

For relief in this action, plaintiff seeks release from confinement, as well as compensatory and what appears to be punitive damages.

Plaintiff has failed to file his action on a court-form, and he has failed to file a motion to proceed in forma pauperis in this action on a separate court form or file an accompanying prison account statement.

## Discussion

Plaintiff's complaint is deficient as pled. The complaint is not on a court-form as required by Local Rule 2.06(A). Additionally, as pled, the complaint is subject to dismissal at this time.[2]

Because plaintiff is self-represented, the Court will give him the opportunity to file a signed, amended complaint to set forth his own claims for relief. Plaintiff should type or neatly print his complaint on the Court's prisoner civil rights form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable."). In the "Caption" section of the Court-provided form, plaintiff should clearly name each and every party he is intending to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties").

In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). Plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write a short and plain statement of the factual allegations supporting his claim against that specific

---

[2] If a complaint is silent about the capacity in which a defendant is sued, courts interpret the complaint as including only official-capacity claims. *Johnson v. Burton*, 574 F. App'x 745, 746 (8th Cir. 2014) (citing *Baker v. Chisom,* 501 F.3d 920, 923-24 (8th Cir. 2007)). A suit against an official of the federal government in the officer's official capacity is considered a suit against the United States. *Searcy v. Donelson,* 204 F.3d 797, 798 (8th Cir. 2000).

3

defendant.  If plaintiff is suing more than one defendant, he should follow the same procedure for each defendant.

It is important that plaintiff establish the responsibility of each separate defendant for harming him.  That is, for each defendant, plaintiff must allege facts showing how that particular defendant's acts or omissions violated his constitutional rights.  *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights.").  It is not enough for plaintiff to make general allegations against all the defendants as a group.  Rather, plaintiff needs to provide the role of each named defendant in this case, in order that each specific defendant can know what he or she is accused of doing.  *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim") (internal quotations and citation omitted).  The Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action."  *Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Plaintiff is warned that the filing of an amended complaint **completely replaces** the original complaint.  This means that claims that are not re-alleged in the amended complaint will be deemed abandoned.  *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect"). If plaintiff fails to file an amended complaint on a Court-provided form within twenty-one (21) days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to plaintiff.

4

Finally, plaintiff has neither paid the $400 filing fee, nor sought leave to proceed without the prepayment of fees or costs.  If plaintiff files a motion to proceed in forma pauperis, it must be accompanied by a certified copy of his inmate account statement for the six-month period immediately preceding the filing of the complaint. Also, if plaintiff files such a motion, the Court will review the amended complaint pursuant to 28 U.S.C. § 1915.  Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant. If plaintiff fails to pay the filing fee or file an application to proceed without prepayment, within twenty-one (21) days, the Court will dismiss this action without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk is directed to mail to plaintiff a copy of the Court's "Prisoner Civil Rights Complaint" form.

**IT IS FURTHER ORDERED** that the Clerk is directed to mail to plaintiff a copy of the Court's motion to proceed in forma pauperis form.

**IT IS FURTHER ORDERED** that plaintiff must file an amended complaint on the Court's form within **twenty-one (21) days** of the date of this Order.

**IT IS FURTHER ORDERED** that plaintiff must either pay the $400 filing fee or file a motion to proceed in forma pauperis within **twenty-one (21) days** of the date of this Order.

**IT IS FINALLY ORDERED** that if plaintiff files a motion to proceed in forma pauperis, he must also file a certified copy of his inmate account statement for the six-month period preceding the filing of the complaint.

**If plaintiff fails to timely comply with this order, the Court will dismiss this action without prejudice and without further notice.**

Dated this 28th day of December, 2020.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE