**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| THOMAS JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20-CV-1860 SPM |
| | ) | |
| UNITED STATES OF AMERICA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter comes before the Court upon review of self-represented plaintiff Thomas Jackson's complaint under 28 U.S.C. § 1915A.  For the reasons discussed below, the Court will dismiss the complaint for failure to state a claim upon which relief may be granted.  28 U.S.C. § 1915A(b)(1).

### Legal Standard on Initial Review

Plaintiff is a convicted and sentenced federal prisoner at the United States Penitentiary in Beaumont, Texas. Plaintiff filed this 42 U.S.C. § 1983 action against the United States of America, the Honorable Ronnie L. White, Assistant Public Defender Felicia Jones and Public Defender Cathy DiTraglia. Although plaintiff has paid the full filing fee in this matter, under 28 U.S.C. § 1915A, the Court is required to review a civil complaint "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a); *see also Lewis v. Estes*, No. 00-1304, 2000 WL 1673382, at *1 (8th Cir. Nov. 8, 2000) (citing *Rowe v. Shake*, 196 F.3d 778, 781 (7th Cir. 1999) (holding that the statutory language of 28 U.S.C. § 1915A applies to all prisoners, no matter their fee status, who bring suit against a governmental entity, officer, or employee)).

Under 28 U.S.C. § 1915A, the Court is required to review and dismiss a complaint filed by a prisoner in a civil action if it is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint filed by a self-represented person, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

**Procedural Background**

Defendant Felicia Jones represented plaintiff in his criminal action in 2004. *See United States v. Jones*, No. 4:04CR20 HEA (E.D.Mo). On March 29, 2004, Jackson pled guilty to possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1). On June 18, 2004, he was sentenced as a career offender to a 216-month term of imprisonment. Jackson did not appeal the judgment. Plaintiff alleges that defendant Jones failed to file a notice of appeal in his criminal case, and as a result, he brought a motion to vacate his sentence, pursuant to 28 U.S.C. § 2255, based on ineffective assistance of counsel,[1] which was granted, and he was resentenced to the same term of imprisonment in an amended judgment on March 26, 2008.[2]

After the amended judgment was entered in plaintiff's criminal case, he brought two pro se motions for relief. Plaintiff first filed a motion to reduce his sentence in his criminal action pursuant to 18 U.S.C. § 3582, asserting that he was entitled to a sentence reduction pursuant to Amendment 706 of the United States Sentencing Guidelines, which lowered the base offense levels for certain cocaine base offenses. On July 6, 2010, the Court denied plaintiff's motion on the grounds that Amendment 706 does not apply to defendants who were sentenced under the career offender provisions of the Sentencing Guidelines. *See United States v. Jones*, No. 4:04CR20 HEA (E.D.Mo).

Plaintiff filed a second motion to vacate challenging his career offender designation on July 6, 2010. *See Jackson v. United States*, No. 4:10-CV-1201 CEJ (E.D.Mo 2010).  The Court denied his motion to vacate on July 20, 2010 as an unauthorized successive petition.

---

[1] *See Jackson v. United States,* No. 4:05-CV-212 CEJ (E.D. Mo 2008).
[2] Plaintiff's appeal of the amended judgment was denied and dismissed on July 29, 2009. *United States v. Jackson*, No. 08-1729 (8th Cir. 2009).

3

On August 22, 2011, Assistant Public Defender Felicia Jones entered her appearance in plaintiff's criminal case on behalf of plaintiff, "replacing all counsel from [her] office that have previously appeared for [plaintiff]." *See United States v. Jones*, No. 4:04CR20 HEA (E.D.Mo).

On November 5, 2012, plaintiff filed a pro se request in the District Court to file a successive petition based on an intervening decision of the Court which he maintained negated his prior conviction for distribution of crack as a controlled substance offense. *See Jackson v. United States,* No. 4:05-CV-212 CEJ (E.D. Mo). The District Court transferred this request to the Court of Appeals, who remanded the case with the instruction that it was not a successive habeas corpus petition, because he had been resentenced as a result of his initial § 2255 petition. *Jackson v. United States*, No. 12-3810 (8th Cir. 2013). Plaintiff's petition was denied on June 27, 2016, in *Jackson v. United States,* No. 4:05-CV-212 CEJ (E.D. Mo).

On June 27, 2016, Assistant Public Defender Felicia Jones filed a motion to vacate plaintiff's sentence brought pursuant to 28 U.S.C. § 2255 on behalf of plaintiff, pursuant to the Supreme Court case of *Johnson v. United States*, 135 S.Ct. 2551 (2015). The matter was opened as a civil matter. *See Jackson v. United States*, No. 4:16-CV-1032 CEJ (E.D.Mo). Plaintiff's motion to stay the matter, filed by Felicia Jones, was denied on July 14, 2017.

On January 15, 2019, plaintiff filed a pro se motion for relief under the First Step Act.[3] *See United States v. Jones*, No. 4:04CR20 HEA (E.D.Mo). Assistant Public Defender Felicia Jones

---

[3]Congress enacted the Fair Sentencing Act in 2010, which reduced the sentencing disparity between cocaine base and powder cocaine from 100-to-1 to 18-to-1. *Dorsey v. United States*, 567 U.S. 260, 269 (2012); *see* Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372. Section 2 of the Fair Sentencing Act increased the quantity of cocaine base required to trigger mandatory minimum sentences. It raised the threshold for the 5-year minimum from 5 grams to 28 grams and raised the threshold for the 10-year minimum from 50 grams to 280 grams. *Dorsey*, 567 U.S. at 269. Section 3 eliminated the 5-year mandatory minimum for simple possession of cocaine base. *Id.* These changes did not apply to defendants sentenced before

once again entered her appearance on behalf of plaintiff on January 22, 2019, and plaintiff filed a second pro se motion for relief under the First Step Act on February 1, 2019.

On February 7, 2019, the United States Probation Office filed a report indicating that plaintiff appeared to be substantively eligible for Retroactive Application of the Fair Sentencing Act. On April 25, 2019, Felicia Jones filed a motion to reduce plaintiff's sentence under the First Step Act.

On May 22, 2019, Felicia Jones filed a motion to withdraw as attorney for plaintiff. In the motion to withdraw, Ms. Jones stated, "an attorney from counsel's office was informed of information that creates a conflict of interest for the Federal Public Defenders' Office to continue to represent Mr. Jackson."

On May 29, 2019, the Court denied both plaintiff's request for relief under the First Step Act, as well as Ms. Jones' request for relief submitted on plaintiff's behalf. The Court found that plaintiff's "voluminous conduct violations while incarcerated demonstrated he still presents a risk

---

August 3, 2010. *Id.* at 263. In 2018, Congress enacted the First Step Act, which makes certain provisions of the Fair Sentencing Act retroactive. As relevant here, section 404(b) of the First Step Act allows a District Court to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 ... were in effect at the time the covered offense was committed." First Step Act § 404(b).  A "covered offense" is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act ..., that was committed before August 3, 2010." *Id.* § 404(a). The First Step Act applies to a "covered offense" which "(1) ... is a violation of a federal statute; (2) the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act; and (3) it was committed before August 3, 2010." *United States v. McDonald,* 944 F.3d 769, 772 (8th Cir. 2019). Section 404 of the First Step Act "allows a district court to impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 ... were in effect at the time the covered offense was committed." *Id.* at 771 (quotation omitted).

to public safety and, in its discretion, denied his request for a sentence reduction." On this same date, the Court granted Ms. Jones' request to withdraw from representing plaintiff.

In October of 2020, plaintiff sought compassionate release. Once again, Felicia Jones sought withdrawal from representation of plaintiff, as well as appointment of counsel for plaintiff outside the Federal Public Defenders' Office. Attorney Talmage Newton, IV was assigned as counsel for plaintiff. On February 23, 2021, plaintiff's motion for compassionate release was denied. *See United States v. Jones*, No. 4:04CR20 HEA (E.D.Mo).

### The Complaint

On December 18, 2020, plaintiff filed this action pursuant to 42 U.S.C. § 1983. On December 28, 2020, the Court directed plaintiff to file an amended complaint on a court form and either pay the $400 filing fee or file a motion to proceed in forma pauperis no later than January 18, 2021. Plaintiff filed an amended complaint on January 19, 2021, and he paid the full filing fee in this action on January 25, 2021.[4]

Plaintiff brings this action against the following defendants: United States of America, the Honorable Ronnie L. White, Assistant Public Defender Felicia Jones and Public Defender Cathy DiTraglia. He brings this action against defendants in their individual and official capacities.

Plaintiff asserts that when he was represented by defendant Felicia Jones in his criminal action in 2004, they didn't see "eye to eye" on anything. He states that Ms. Jones failed to file a notice of appeal of his criminal action, and as a result, he was able to receive an amended judgment in his criminal case after filing a motion to vacate on the basis of ineffective assistance of counsel for failure of counsel to file a notice of appeal. Plaintiff states that he should not have been assigned

---

[4]Plaintiff paid the filing fee in two increments.

a lawyer in the Federal Public Defenders' Office after that time because he believes the Public Defenders' Office had a conflict of interest. He claims that despite this "conflict of interest," defendant Jones filed a motion on his behalf seeking relief under the First Step Act. However, plaintiff does not believe Ms. Jones was effective in her representation. Plaintiff asserts that "the motion was trash" and contained "nothing good." He also believed that this stopped him from getting a lawyer that would do the "best job."

Plaintiff claims that he called defendant Cathy DiTraglia in the Federal Public Defenders' Office at some point to ask to "speak to his lawyer" prior to Ms. Jones filing a motion to reduce his sentence under the First Step Act. Plaintiff state that Ms. DiTraglia told him that she would be acting as his lawyer, and he claims that Ms. DiTraglia and him had 4-5 conversations on the telephone. Plaintiff states that Ms. DiTraglia even called his case manager to set up a phone call. Plaintiff asserts that defendant DiTraglia told him that she would have to request an extension of time to file a motion to reduce his sentence because she was in trial. However, when he received the motion to reduce sentence, the motion was written by defendant Jones. Plaintiff reports that when he called Ms. DiTraglia again to ask why the motion to reduce sentence was written by defendant Jones, whom he had previously had an ineffective assistance of counsel claim against, Ms. DiTraglia told him that the Federal Public Defenders' Office would be filing a motion to withdraw from representing him due to a conflict of interest.

Plaintiff asserts that Judge Ronnie L. White denied his motion to reduce his sentence brought pursuant to the First Step Act, which was drafted by defendant Jones, and at the same time granted defendant Jones' motion to withdraw as counsel. Plaintiff asserts that defendant Jones and

7

defendant DiTraglia hurt him by "lying" and "not letting [him] getting another lawyer and do the job right."

Plaintiff claims that defendant the Honorable Ronnie L. White purportedly violated his due process rights by both denying his motion for reduction in sentence under the First Step Act and at the same time granting defendant Jones' motion to withdraw as counsel for plaintiff. Plaintiff states that Judge White should never have "made a ruling" without investigating the purported conflict of interest. Plaintiff believes he is entitled to release from confinement as a result of the mishap.

Last, plaintiff complains that defendant the United States of America failed to protect him from "injustice" by "one of its officers of the Court." Plaintiff states that an unnamed person should have "reviewed the case before and after the filing of [the] motion" and they would have seen the injustice that one of its officers made.

Plaintiff seeks release from prison as well as $500,000 in damages.

## Discussion

### A. Plaintiff Fails to Allege A Cognizable Bivens Action Under *Heck v. Humphrey*

Plaintiff alleges that defendants, one of whom was the judge in his criminal case, as well as two federal public defenders, and the United States Government, violated his civil rights by engaging in judicial misconduct as well as "ineffective assistance of counsel."

Plaintiff's alleged facts fail to support a cognizable *Bivens* action because any ruling on his claims of misconduct by Judge White and his federal public defenders calls into question the lawfulness of his conviction and sentence, as well as his continued confinement. A *Bivens* action provides people who have suffered certain constitutional harms at the hands of federal agents with

a financial remedy against the agents individually. *Bivens*, 403 U.S. at 389. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court held:

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id.* at 486–87. The Court's holding in *Heck* applies to *Bivens* claims. *See Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996) ("*Heck* applies to *Bivens* actions."); *Washington v. Sorrows*, 107 F.3d 876 (8th Cir. 1997) (applying *Heck* bar to *Bivens* action because the Supreme Court's *Heck* "rationale did not rest on any consideration unique to [§] 1983, and *Bivens* is the federal law analogous to § 1983").

A ruling in plaintiff's favor on his judicial misconduct claims against Judge White and plaintiff's defense counsel implies the invalidity of his conviction and continued confinement. Indeed, plaintiff's entire complaint pleads that had any of the defendants' conduct differed, he could have been released under the First Step Act or his sentence would have been lowered such that he should have been released or had his conviction overturned.

As set forth in great detail above, plaintiff completed his direct appeal without success. And he also unsuccessfully sought habeas relief as well as several motions for reduction in sentence. Plaintiff has not presented any facts to suggest his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a ... tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas

9

corpus..." *Heck*, 512 U.S. at 487. Accordingly, plaintiff's allegations fail to state a claim under the doctrine of *Heck v. Humphrey*.

**B.  Plaintiff Cannot Sue the United States of America**

Plaintiff asserts that defendants engaged in judicial misconduct, and he asserts that their employer, the United States of America should be liable for their purported wrongful acts.

"Generally, sovereign immunity prevents the United States from being sued without its consent." *Iverson v. United States*, 973 F.3d 843, 846 (8th Cir. 2020). *See also Hinsley v. Standing Rock Child Protective Services*, 516 F.3d 668, 671 (8th Cir. 2008) (stating that "[i]t is well settled that the United States may not be sued without its consent"). Thus, in order to sue the United States, a plaintiff must show a waiver of sovereign immunity. *See V S Ltd. Partnership v. Dep't of Housing and Urban Development*, 235 F.3d 1109, 1112 (8th Cir. 2000). Such a waiver must be "unequivocally expressed" and "cannot be implied." *See United States v. King*, 395 U.S. 1, 4 (1969). *See also College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 682 (1999) (stating that "in the context of federal sovereign immunity…it is well established that waivers are not implied"). There is no indication that such a waiver is present in this action.[5] Thus, plaintiff's claims against the United States are barred by sovereign immunity.

---

[5]The Federal Tort Claims Act (FTCA) removes the sovereign immunity of the United States from suits in tort. *See White v. United States*, 959 F.3d 328, 332 (8th Cir. 2020) (explaining that the "FTCA waives sovereign immunity and allows the government to be held liable for negligent or wrongful acts by federal employees committed while acting within the scope of their employment"). Plaintiff, however, does not allege that he presented his claim against an agency of the United States and that the claim was denied, a prerequisite to filing suit under the FTCA. *See* 28 U.S.C. § 2675(a); *Farmer's State Sav. Bank v. Farmers Home Admin.*, 866 F.2d 276, 277 (8th Cir. 1989).

### C.  Plaintiff's Claims Against Judge White Are Barred by Immunity

Plaintiff's claims against Judge White are also subject to dismissal. A judicial officer, exercising the authority in which he or she is vested, is provided with immunity from suit. *Hamilton v. City of Hayti, Missouri*, 948 F.3d 921 (8th Cir. 2020). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). This immunity applies even when the judge is accused of acting maliciously or corruptly. *Pierson v. Ray*, 386 U.S. 547, 554 (1967). *See also Woodworth v. Hulshof*, 891 F.3d 1083, 1090 (8th Cir. 2018) (stating that "judicial immunity is not overcome by allegations of bad faith or malice"). "[A] judge will not be deprived of his immunity because the action he took was in error or was in excess of his authority." *Justice Network, Inc. v. Craighead Cty.*, 931 F.3d 753, 760 (8th Cir. 2019).

Two exceptions exist to a judge's immunity. First, a judge does not have immunity for non-judicial actions. *Duty v. City of Springdale, Ark.*, 42 F.3d 460, 462 (8th Cir. 1994). Second, a judge is not immune from lawsuits based on actions taken in the complete absence of jurisdiction. *Id.* In this case, plaintiff has presented no allegations tending to show that Judge White took a non-judicial action or acted in the complete absence of jurisdiction. Rather, plaintiff's contention is that Judge White should have granted him release under the First Step Act and that Judge White should have recognized that defendant Jones had a conflict of interest when representing plaintiff during his post-conviction proceedings. "Judicial immunity is meant to protect judges when making decisions during a case, even if their decisions were malicious, corrupt, or erroneous." *Dinkins v. State of Mo.*, No. 42020 WL 5878034, at *11 (E.D. Mo. Oct. 1, 2020), *aff'd sub nom.*, 2021 WL 1747892 (8th Cir. 2021).

11

**D.  Plaintiff's Claims Against Felicia Jones and Cathy DiTraglia Fail to State A Claim**

The Court will now turn to plaintiff's allegations against defendants Felicia Jones and Cathy DiTraglia. As noted above, plaintiff asserts that defendant Jones deprived him of his civil rights under 42 U.S.C. § 1983 by representing him on his motion for reduction of sentence under the First Step Act after she had a conflict of interest due to failing to file a notice of appeal in his criminal action. Plaintiff asserts that she filed the motion for reduction of sentence even after she and defendant DiTraglia were made aware of the conflict. Plaintiff asserts that the motion was "trash" and not well written, and he blames defendants for Judge White's denial of his request for release. In essence, plaintiff is asserting a claim of "ineffective assistance of counsel" against defendants.

"The essential elements of a [42 U.S.C.] § 1983 claim are (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Green v. Byrd*, 972 F.3d 997, 1000 (8th Cir. 2020).[6] However, a defense attorney, whether appointed or retained, does not act under color of state law, and thus cannot be liable for the alleged deprivation of constitutional rights under 42 U.S.C. § 1983. *See Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) (stating that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a

_____

[6]The Court is aware that defendants Felicia Jones and Cathy DiTraglia are Federal Public Defenders and therefore employees of the United States. Plaintiff's claims against defendants fall under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 389, 397 (1971). "An action under *Bivens* is almost identical to an action under [42 U.S.C. §] 1983, except that the former is maintained against federal officials while the latter is against state officials." *Gordon v. Hansen*, 168 F.3d 1109, 1113 (8th Cir. 1999). As such, claims under *Bivens* and claims under § 1983 involve the same analysis. *Solomon v. Petray*, 795 F.3d 777, 789 n.7 (8th Cir. 2015). Furthermore, the body of case law regarding § 1983 applies to *Bivens* actions. *Id*. Additionally, the essence of a *Bivens* claim requires that a defendant be a "federal actor."

defendant in a criminal proceeding"); *Myers v. Vogal*, 960 F.2d 750, 750 (8ᵗʰ Cir. 1992) (stating that attorneys who represented plaintiff, "whether appointed or retained, did not act under color of state law and, thus, are not subject to suit under section 1983"); *Christian v. Crawford*, 907 F.2d 808, 810 (8ᵗʰ Cir. 1990) (stating that the Eighth Circuit "has repeatedly held that both retained and appointed attorneys are not liable for deprivations of constitutional rights under 42 U.S.C. § 1983 for the reason that they do not act under color of state law"); and *Rogers v. Bruntrager*, 841 F.2d 853, 856 (8ᵗʰ Cir. 1988) ("Public defenders do not act under color of state law for purposes of 42 U.S.C. § 1983 when performing the traditional functions of defense counsel").

This rule is applicable in cases where the attorney is appointed by a federal court. *See Christian*, 907 F.2d at 810 (stating that "attorneys are not transformed into federal officials for purposes of a *Bivens* action merely because they are appointed by a federal court pursuant to federal law"); *Allred v. McCaughey*, 257 F. App'x. 91, 92–93 (10th Cir. 2007) (the appointment of a defense attorney by the court does not make that attorney a federal actor); *see also Zapata v. Public Defenders Office*, 252 F. App'x. 237, 239 (10th Cir. 2007) ("Although a public defender may be paid with state funds, she acts independent of the state's authority, and instead exercises her independent judgment in representing a criminal defendant."); *Haley v. Walker*, 751 F.2d 284, 285 (8th Cir. 1984) ("By analogy, an attorney appointed by a federal court is not a federal officer for purposes of a *Bivens*-type action."); *Vermont v. Brillon*, 556 U.S. 81, 90–91 (2009) (finding assigned counsel not a state actor for purposes of the Sixth Amendment right to a speedy trial unless acting in a capacity other than defense counsel). Plaintiff has not alleged any facts to show why the Court should consider defendants Jones and DiTraglia federal actors.

Last, the Court finds that to the extent plaintiff is seeking release from confinement he cannot receive such relief under 42 U.S.C. § 1983. Such relief can only be had pursuant to 28 U.S.C. § 2255.  The Court will instruct the Clerk of Court to provide plaintiff with the appropriate forms for seeking habeas corpus.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1).

**IT IS FURTHER ORDERED** that plaintiff's motions for appointment of counsel [ECF No. 4, 8, 10 and 11] are **DENIED** as moot.

**IT IS FURTHER ORDERED** that plaintiff's motion for release from confinement is **DENIED** as unavailable under 42 U.S.C. § 1983.

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide plaintiff with a form for filing a motion to vacate brought pursuant to 28 U.S.C. § 2255.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue in this matter as no habeas corpus relief was available.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 30th day of August, 2021.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE